**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**Electronically Filed**

CIVIL ACTION NO.: _____

RALEIGH BRUNER, an individual, and WILDCAT MOVING, LLC, a Kentucky
Limited Liability Company,                                              PLAINTIFFS,

v.          **VERIFIED COMPLAINT FOR DECLARATORY**
            **AND INJUNCTIVE RELIEF—CIVIL RIGHTS**
            **[PRELIMINARY INJUNCTION REQUESTED] [42 U.S.C. § 1983]**

JACK CONWAY, Attorney General of the Commonwealth of Kentucky; TOM
ZAWACKI, Commissioner of Motor Vehicle Regulation for the Kentucky Department
of Vehicle Regulation; MARTIN MATHEWS, Director for Motor Carriers of the
Kentucky Transportation Cabinet Division of Motor Carriers; MARY COOK, Assistant
Director of the Kentucky Transportation Cabinet Division of Motor Carriers; BRIAN
BEAVEN, Assistant Director of the Kentucky Transportation Cabinet Division of
Motor Carriers; and BILL DEBORD, officer of the Kentucky Transportation Cabinet
Division of Motor Carriers; all in their official capacities,          DEFENDANTS.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

1.      This case challenges the constitutionality of a state law that deprives

Plaintiffs of their constitutional right to earn a living in a common occupation of their

choice.   That right is guaranteed by the Due Process, Equal Protection, and

Privileges or Immunities Clauses of the Fourteenth Amendment to the United States

Constitution.

2.      Plaintiff Raleigh Bruner is the owner of Wildcat Moving, LLC, a small

moving company based in Lexington, Kentucky.  Wildcat Moving was formed under

the laws of Kentucky in 2012 to provide a range of moving services to its clients.

- 1 -

3.     Plaintiffs are fully qualified and competent to perform moving services, and have provided satisfactory moving services to hundreds of clients.  But Plaintiffs are forbidden by Kentucky law (specifically, KRS § 281.615, *et seq.*) from operating as a full-service moving company unless they first obtain a Household Goods Certificate (Certificate) from the Defendants.

4.     To obtain a Certificate, however, Plaintiffs are required to undergo an unconstitutional "Competitor's Veto" procedure which gives the state's existing moving companies the power to essentially "veto" any application.  Specifically, these rules allow established moving companies to file a protest whenever a person applies for a Certificate, and whenever a protest is filed, the applicant must undergo an administrative hearing, at significant expense in time and money.  At that hearing, the applicant must prove a set of vague, undefined, and subjective factors—for instance, that existing moving services are "inadequate," and that a new moving company would be "consistent with the public interest."  These factors allow Defendants to deny a Certificate to an applicant for reasons totally unrelated to public health, safety, or welfare.  Existing moving companies can impose this burden on applicants without any need to allege or prove any facts relating to public health, safety, or welfare.

5.     The Competitor's Veto procedure challenged herein bears no rational connection to a legitimate government interest, but exists solely to protect established movers against competition from applicants like the Plaintiffs.

- 2 -

6.      Plaintiffs seek to protect and vindicate their right to earn a living without being subject to this arbitrary and discriminatory barrier established by state law. Plaintiffs seek declaratory judgment that the challenged laws and policies are invalid, unenforceable, and void; permanent injunctions against any further enforcement of the challenged laws, or implementation of any similar policy by the Defendants; and reasonable attorney's fees, pursuant to 42 U.S.C. § 1988.

## JURISDICTION AND VENUE

7.      Plaintiffs allege, pursuant to 42 U.S.C. § 1983, the deprivation of rights secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiff Raleigh Bruner also alleges, pursuant to 42 U.S.C. § 1983, the deprivation of rights secured by the Privileges or Immunities Clause of the Fourteenth Amendment. Jurisdiction over their claims for declaratory and injunctive relief is vested in this Court by 28 U.S.C. §§ 1331, 2201, and 2202.

8.      Venue is proper in this District under 28 U.S.C. § 1391(b) on the grounds that some or all of the conduct at issue took place in, and/or some or all of the Defendants reside in, the Eastern District of Kentucky.

## PARTIES

**Plaintiffs**

9.      Plaintiff Raleigh Bruner is a United States citizen and resident of Lexington, Kentucky. He entered the moving business in 2010 after obtaining an MBA from the University of Kentucky. Plaintiff Bruner began offering moving services in 2010 by listing his services on the website craigslist.com. In 2012,

Wildcat Moving, LLC, was established to operate as a full-service moving company throughout the state of Kentucky.  He is the managing partner of Wildcat Moving, LLC.

10.    Plaintiff Wildcat Moving, LLC, is a Kentucky limited liability company headquartered in Lexington, Kentucky.  Wildcat Moving, LLC, is a successful moving business that has moved hundreds of clients.  Plaintiffs hold United States Department of Transportation Identification Number (2207083).  Wildcat Moving, LLC, employs 31 persons, including Plaintiff Bruner, and operates five moving trucks.

11.    Plaintiffs possess all legally required insurance for operating a moving company in Kentucky, including, but not limited to, commercial liability insurance, cargo insurance, liability on each vehicle Plaintiffs operate, and workers' compensation insurance, all issued by surety companies authorized to transact business within the Commonwealth of Kentucky.  *Cf.* KRS § 281.655 (listing insurance requirements).

12.    Plaintiffs are ready, willing, and able to provide moving services throughout Kentucky at any time when such opportunities arise.

**Defendants**

13.    Defendant Jack Conway is the Attorney General of the Commonwealth of Kentucky.  Plaintiffs are informed and believe, and on that basis allege, that Mr. Conway, in his official capacity, is charged with the enforcement, maintenance, and interpretation of the laws of the Commonwealth of Kentucky, including KRS

- 4 -

§ 281.615, *et seq.* Plaintiffs are informed and believe, and on that basis allege, that Mr. Conway has the authority to enjoin, fine, and otherwise prohibit Plaintiffs and other persons from practicing the trade of a mover without a Certificate, and is ultimately responsible for the enforcement of the protest and hearing procedure challenged herein. *See* KRS § 15.020. In all of his actions and omissions alleged herein, Mr. Conway was acting under color of state law and is being sued in this action in his official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

14.    Defendant Tom Zawacki is Commissioner of Motor Vehicle Regulation for the Kentucky Department of Vehicle Regulation. Plaintiffs are informed and believe, and on that basis allege, that Mr. Zawacki, in his official capacity, is authorized to adopt any rules and establish any policy to implement the protest and hearing procedure set forth in KRS § 281.615, *et seq.* In all of his actions and omissions alleged herein, Mr. Zawacki was acting under color of state law and is being sued in this action in his official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

15.    Defendant Martin Mathews is Director for Motor Carriers of the Kentucky Transportation Cabinet Division of Motor Carriers. Plaintiffs are informed and believe, and on that basis allege, that Mr. Mathews, in his official capacity, is authorized to adopt any rules and establish any policy to implement the protest and hearing procedure set forth in KRS § 281.615, *et seq.* In all of his actions and omissions alleged herein, Mr. Mathews was acting under color of state law and is

being sued in this action in his official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

16.    Defendants Mary Cook and Brian Beaven are Assistant Directors of the Kentucky Transportation Cabinet Division of Motor Carriers.  Plaintiffs are informed and believe, and on that basis allege, that Ms. Cook and Mr. Beaven, in their official capacities, are authorized to adopt any rules and establish any policy to implement the protest and hearing procedure set forth in KRS § 281.615, *et seq.*  In all of their actions and omissions alleged herein, Ms. Cook and Mr. Beaven were acting under color of state law and are being sued in this action in their official capacities pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

17.    Defendant Bill Debord is an officer of the Kentucky Transportation Cabinet Division of Motor Carriers, who on or about May 21, 2011, informed Plaintiffs that a complaint had been filed against them for operating a moving company without a Certificate.  Plaintiffs are unaware of whether such a complaint was in fact filed.  Plaintiffs are informed and believe, and on that basis allege, that Mr. Debord, in his official capacity, is authorized to adopt any rules and establish any policy to implement the protest and hearing procedure set forth in KRS § 281.615, *et seq.*  In all of his actions and omissions alleged herein, Mr. Debord was acting under color of state law and is being sued in this action in his official capacity pursuant to *Ex parte Young*, 209 U.S. 123 (1908).

## GENERAL ALLEGATIONS

## I

## THE CHALLENGED LAWS

18.     Section 281.615 of the Kentucky Statutes requires any person who seeks to engage in business as a common carrier of household goods within Kentucky to obtain a Household Goods Certificate, also known as a Certificate of Public Convenience and Necessity, from the Kentucky Transportation Cabinet Division of Motor Carriers.  Operating without a Certificate is a misdemeanor for which the punishment is a fine between $2,000 and $3,500.  *See* KRS § 281.990(2).

19.     Section 281.630 of the Kentucky Statutes provides that the Division of Motor Carriers provides the standards for granting or refusing a Certificate.   It provides that an application for a Certificate shall be granted if the applicant is

> fit, willing, and able properly to perform the service proposed and to conform to the provisions of this chapter and the requirements, [rules and] regulations of the [Division of Motor Carriers], and further that the existing transportation service is inadequate, and that the proposed service . . . is or will be required by the present or future public convenience and necessity, and that the proposed operation, to the extent authorized by the certificate, will be consistent with the public interest and the transportation policy declared in this chapter.

20.     Plaintiffs are informed and believe, and on that basis allege, that there is no statute, regulation, or other legal authority defining what constitutes a showing of "present or future public convenience and necessity," or what constitutes "inadequate" "existing transportation service," or what types of service are "consistent with the public interest." Plaintiffs are informed and believe, and on that

- 7 -

basis allege, that there is no statute, regulation, or other legal authority defining what evidence may be admitted or excluded, or what legal standards apply when the Defendants evaluate whether a certificate is consistent with "present or future public convenience and necessity," or whether "existing transportation service is inadequate."

21.     Section 281.625(1) of the Kentucky Statutes and 601 Ky. Admin. Regs. 1:030, Section 2, provide that whenever a person applies for a Certificate, the Division of Motor Carriers must notify every existing moving company of the application and give them the opportunity to file "protests" against the new application.  Section 281.625(2) provides that if an existing moving company files a "protest" against the applicant, the Division must hold an administrative hearing to determine whether to grant or deny the Certificate to the applicant.

22.     601 Ky. Admin. Regs. 1:030, Section 4, requires a party filing a protest against the granting of a new Certificate to state the ground of the protest, but does not require the entity that filed the protest (referred to as a "protestant") to state any facts or provide any legally admissible evidence to support the protest.  Plaintiffs are informed and believe, and on that basis allege, that the only objections to the issuance of new Certificates that the Division of Motor Carriers has received and/or entertained have come from existing motor carrier businesses.   Plaintiffs are informed and believe, and on that basis allege, that the objections to the issuance of new Certificates that the Division of Motor Carriers has received and/or entertained have not related to public health and safety.

23.    Plaintiffs are informed and believe, and on that basis allege, that at a hearing as described herein, the applicant bears the burden of establishing the statutory conditions required for the issuance of a permit.

24.    Kentucky law requires limited liability companies, such as Plaintiff Wildcat Moving, LLC, to be represented by licensed attorneys at any administrative hearing. *See Ky. State Bar Ass'n v. Henry Vogt Machine Co., Inc.*, 416 S.W.2d 727 (Ky. 1967).  Obtaining legal representation to appear at such a hearing would impose significant financial costs on Plaintiffs.

II

## THE PLAINTIFFS ARE LEGALLY BARRED
## FROM OPERATING THEIR SAFE, ECONOMICAL,
## AND SATISFACTORY MOVING COMPANY

25.    Plaintiffs' business complies with public health and safety standards, and has all of the legally required insurance for operating a full service moving company in Kentucky.  They do not have a Certificate.  Due to the challenged statutes and regulations, they have been cited and fined for operating without a Certificate, and will be subject to future penalties if they offer moving services in Kentucky without first complying with the statutory procedure described herein.

26.    Plaintiffs are informed and believe, and on that basis allege, that the protest and hearing procedure that the aforementioned Kentucky statutes and regulations require before a person may obtain a Certificate allows existing moving companies to prevent applicants from entering into or expanding their moving business, and/or to impose significant costs on applicants.   This reduces

- 9 -

competition, and creates an artificial scarcity of moving services which allows existing companies to keep prices artificially high, to the detriment of Kentucky consumers.

27.    Plaintiffs are informed and believe, and on that basis allege, that Sections 281.625 and 281.630 of the Kentucky Statutes, and 601 Ky. Admin. Regs. 1:030 do not protect the general public from fraudulent, unsafe, or incompetent practices.  These statutes allow existing moving companies to force an applicant to undergo the time and expense of an administrative hearing without regard to the applicant's public safety record, or any other matter related to public health or safety, but simply because existing movers seek to restrict competition.  These statutes also allow the Defendants to deny a Certificate to an applicant without regard to the applicant's public safety record, or any other matter related to public health or safety, but simply because existing movers seek to restrict competition.

28.    Plaintiffs are informed and believe, and on that basis allege, that the challenged statutes deprive them of the liberty of pursuing their chosen trade and do not protect the public from fraudulent, dangerous, or incompetent moving services, or protect the surface streets from falling into disrepair, or protect the environment from pollution or other public dangers.  Plaintiffs are informed and believe, and on that basis allege, that Sections 281.625 and 281.630 of the Kentucky Statutes, and 601 Ky. Admin. Regs. 1:030 serve only the goal of protecting a discrete interest group from economic competition.

29.    Plaintiffs are informed and believe, and on that basis allege, that this statutory procedure for objecting to certificate applications has no rational connection to the public health, safety, or welfare, or any other legitimate government interest. Sections 281.625 and 281.630 of the Kentucky Statutes, and 601 Ky. Admin. Regs. 1:030, are arbitrary and irrational and serve only to protect a discrete interest group from economic competition.

III

**INJUNCTIVE RELIEF ALLEGATIONS**

30.    Plaintiffs incorporate and re-allege each and every allegation contained in the preceding paragraphs of this Complaint.

31.    Plaintiffs are informed and believe, and on that basis allege, that they are subject to future fines and penalties if they operate a moving service without a Certificate. *See* KRS §§ 281.615; 281.990(2).

32.    Due to Defendants' enforcement of the challenged laws, Plaintiffs, and others similarly situated, are now and will continue to be denied the right to pursue their chosen occupation free from restrictions imposed by their economic competitors through the protest and hearing procedure challenged herein.

33.    If not permanently enjoined by this Court, Defendants and their agents, representatives, and employees will continue to implement the licensing, protest, and hearing procedure established in KRS §§ 281.625(1), 281.630(1), and 601 Ky. Admin. Regs. 1:030, and other similar policies and practices, which practices deprive Plaintiffs of liberty without due process of law, deny them the equal protection of the

laws, and abridge the privileges or immunities of citizenship to Plaintiff Raleigh Bruner. In particular, the licensing, protest, and hearing procedure described herein arbitrarily, irrationally, and discriminatorily deprives Plaintiffs of the opportunity to pursue their chosen occupation as a moving company throughout the Commonwealth of Kentucky. Thus the licensing, protest, and hearing procedure established in KRS § 281.615, *et seq.*, and 601 Ky. Admin. Regs. 1:030 are now causing and will continue to cause Plaintiffs to suffer irreparable injury, including but not limited to, loss of business opportunities and the deprivation of their livelihoods. Plaintiffs have no plain, speedy, and adequate remedy at law for such an injury.

34.     Accordingly, injunctive relief is appropriate.

## IV

## DECLARATORY RELIEF ALLEGATIONS

35.     Plaintiffs incorporate and re-allege each and every allegation contained in the preceding paragraphs of this Complaint.

36.     An actual and substantial controversy exists between Plaintiffs and Defendants as to their respective legal rights and duties. Plaintiffs contend, pursuant to 42 U.S.C. § 1983, that both on their face and as applied to Plaintiffs, the challenged laws violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment. Plaintiff Raleigh Bruner also alleges pursuant to 42 U.S.C. § 1983, that KRS §§ 281.625, 281.630(1), and 601 Ky. Admin. Regs. 1:030, both on their face and as applied to him, violate the Privileges or Immunities Clause of the

Fourteenth Amendment. Plaintiffs are informed and believe, and on that basis allege, that Defendants contend otherwise on all counts.

37. Accordingly, declaratory relief is appropriate.

### FIRST CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF—DEPRIVATION OF LIBERTY WITHOUT DUE PROCESS OF LAW

### (U.S. Const. amend. XIV & 42 U.S.C. § 1983)

38. Plaintiffs incorporate and re-allege each and every allegation contained in the preceding paragraphs of this Complaint.

39. The protest and hearing procedure established in KRS §§ 281.625, 281.630, and 601 Ky. Admin. Regs. 1:030 does not bear any relationship to protecting the public health, safety, or welfare.

40. The requirement in KRS §§ 281.625, 281.630, and 601 Ky. Admin. Regs. 1:030 that any applicant for a certificate to operate as a moving company must be subject to protest by objecting competitors, and thereafter to attend a hearing and prove a public convenience or necessity, creates an arbitrary, irrational, and fundamentally unfair procedure which infringes on the constitutional right of Plaintiffs to pursue their chosen occupation providing moving services in Kentucky. Plaintiffs are not allowed to engage in their chosen occupation unless they submit to an expensive and burdensome certification procedure that inherently grants authority to existing businesses to prevent potential competitors from entering the market.

- 13 -

41.    In addition, KRS §§ 281.625, 281.630, and 601 Ky. Admin. Regs. 1:030, create an inherent conflict of interest, which allows existing competitors to exploit licensing laws to restrict or substantially burden their own competition. *See New State Ice Co. v. Leibmann*, 285 U.S. 262 (1932).

42.    By enforcing the arbitrary, irrational, unequal, and fundamentally unfair procedure established in KRS §§ 281.625, 281.630, and 601 Ky. Admin. Regs. 1:030, Defendants, acting under color of state law, are depriving and will continue to deprive Plaintiffs of their constitutional right to earn a living in a chosen profession without due process of law.

43.    Plaintiffs are informed and believe, and on that basis allege, that Defendants believe their actions comply with all applicable laws.

44.    An actual controversy exists between the parties, in that Plaintiffs will continue to suffer an ongoing and irreparable harm unless the further enforcement of the procedures established by KRS §§ 281.625, 281.630, and 601 Ky. Admin. Regs. 1:030 are declared unlawful and enjoined by this Court.

## SECOND CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF—EQUAL PROTECTION: ARBITRARY AND IRRATIONAL DISCRIMINATION

### (U.S. Const. amend. XIV & 42 U.S.C. § 1983)

45.    Plaintiffs incorporate and re-allege each and every allegation contained in the preceding paragraphs of this Complaint.

46.    By granting existing carriers the special privilege to protest and object to certificate applicants, KRS §§ 281.625, 281.630, and 601 Ky. Admin. Regs. 1:030

create an irrational and arbitrary procedure which protects established businesses against competition.

47.    By enforcing these unequal procedures, Defendants, acting under color of state law, are irrationally and arbitrarily discriminating against Plaintiffs and in favor of existing moving businesses in violation of Plaintiffs' right to equal protection of the laws.

48.    Allowing established moving companies an exclusive and special opportunity to prevent competitors from entering the moving business bears no rational relationship to public health, safety, or welfare.

49.    Plaintiffs are informed and believe, and on that basis allege, that Defendants believe their actions comply with all applicable laws.

50.    An actual controversy exists between the parties, in that Plaintiffs are suffering an ongoing and irreparable harm by Defendants' discriminatory treatment, and the harm will continue unless the KRS §§ 281.625, 281.630, and 601 Ky. Admin. Regs. 1:030 protest and hearing procedure is declared unlawful and enjoined by this Court.

### THIRD CLAIM FOR DECLARATORY AND INJUNCTIVE RELIEF—EQUAL PROTECTION AND DUE PROCESS OF LAW: UNBRIDLED DISCRETION OF PUBLIC OFFICIALS

### (U.S. Const. amend. XIV & 42 U.S.C. § 1983)

51.    Plaintiffs incorporate and reallege each and every allegation contained in the preceding paragraphs of this Complaint.

- 15 -

52.    Sections 281.630(1) and 281.625 of the Kentucky Statutes, and the procedures by which Defendants enforce these provisions, grant Defendants and their staff unlimited and unguided discretion to interpret what constitutes (a) "public convenience and necessity" and (b) "inadequate" existing transportation service, in the enforcement of the protest and hearing procedure.

53.    Thus, Sections 281.630(1) and 281.625 of the Kentucky Statutes, and the procedures by which Defendants enforce these provisions, provide Plaintiffs no reasonable opportunity to understand what conduct they authorize or prohibit, and allow or encourage arbitrary and discriminatory enforcement.

54.    By exercising unlimited, unguided discretion over applications for certificates, Defendants, acting under color of state law, violate Plaintiffs' right to equal protection and due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.

55.    Plaintiffs are informed and believe, and on that basis allege, that Defendants believe their actions comply with all applicable laws.

56.    An actual controversy exists between the parties, in that Plaintiffs are suffering an ongoing and irreparable harm by Defendants' exercise of unbridled and unguided discretion, and the harm will continue unless the protest and hearing procedure established by KRS §§ 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030 is declared unlawful and enjoined by this Court.

## FOURTH CLAIM FOR
## DECLARATORY AND INJUNCTIVE
## RELIEF BY PLAINTIFF RALEIGH BRUNER:
## ABRIDGMENT OF PRIVILEGES OR IMMUNITIES

### (U.S. Const. amend. XIV & 42 U.S.C. § 1983)

57.     Plaintiff Raleigh Bruner incorporates and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint.

58.     By mandating an arbitrary and discriminatory protest and hearing procedure for an application to operate as a moving company, Defendants, acting under color of state law, arbitrarily and unreasonably interfere with Plaintiff Bruner's constitutional right to earn a living in a lawful occupation in violation of the Privileges or Immunities Clause of the Fourteenth Amendment of the United States Constitution.

59.     Plaintiff Bruner is informed and believes, and on that basis alleges, that Defendants believe their actions comply with all applicable laws.

60.     An actual controversy exists between the parties, in that Plaintiff Bruner is suffering an ongoing and irreparable harm by Defendants' favoritism towards existing carriers and their discriminatory treatment against Plaintiff Bruner, and the harm will continue unless the protest and hearing procedure established by KRS §§ 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030 is declared unlawful and enjoined by this Court.

## PRAYER

WHEREFORE, Plaintiffs respectfully request relief as follows:

1.      To enter a declaratory judgment that Kentucky's notice and hearing procedure, established by KRS §§ 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030, facially and as interpreted and applied by Defendants, deprives Plaintiffs of liberty without due process of law in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

2.      To enter a declaratory judgment that Kentucky's notice and hearing procedure, established by KRS §§ 281.625, 281.630, and 601 Ky. Admin. Regs. 1:030, facially and as interpreted and applied by Defendants, deprives Plaintiffs of the equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution;

3.      To enter a declaratory judgment that Kentucky's notice and hearing procedure, established by KRS §§ 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030, facially and as interpreted and applied by Defendants, facially and as interpreted and applied by Defendants, abridges Plaintiff Bruner's privileges or immunities of citizenship, in violation of the Privileges or Immunities Clause of the Fourteenth Amendment to the United States Constitution;

4.      To permanently enjoin Defendants, their agents, representatives, and employees, from enforcing the notice and hearing procedure established by KRS §§ 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030, facially and as interpreted and applied by Defendants, or any similar policy, as well as any and all implementing

rules and regulations and the policies and practices by which Defendants enforce these provisions, including, but not limited to: (a) the policies of prohibiting Plaintiffs from operating intrastate as a moving company without being subject to the arbitrary and discriminatory certification scheme under by KRS §§ 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030, and (b) seeking or imposing fines or penalties against Plaintiffs, or otherwise subjecting Plaintiffs to harassment;

5.      For costs of suit;

6.      For reasonable attorney's fees, pursuant to 42 U.S.C. § 1988(b); and

7.      Any such further legal and equitable relief as the Court may deem just and proper.

DATED:  August 21, 2012.

Respectfully submitted,


_____ s/ Kristopher D. Collman _____
KRISTOPHER D. COLLMAN

KRISTOPHER D. COLLMAN
The Getty Law Group, PLLC
1900 Lexington Financial Center
250 West Main Street
Lexington, Kentucky 40507
Telephone:  (859) 259-1900
Facsimile:  (859) 259-1909
E-Mail:  kcollman@gettylawgroup.com

Attorney for Plaintiffs

## VERIFICATION

I have read the foregoing Verified Complaint against the Defendants set forth herein and verify that the allegations are true as I verily believe.

RALEIGH BRUNER

Subscribed and sworn to before me by Raleigh Bruner on this ____ day of August, 2012.

Notary Public

My Commission expires: _____.

MY COMMISSION EXPIRES 5-26-2015

- 20 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2012, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system.


<u>        s/ Kristopher D. Collman       </u>
KRISTOPHER D. COLLMAN

Attorney for Plaintiffs