UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| RALEIGH BRUNER, et al., ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 3: 12-57-DCR |
| ) | |
| V. ) | |
| ) | |
| TOM ZAWACKI, Commissioner of Motor ) | |
| Vehicle Regulation for the Kentucky ) | **MEMORANDUM OPINION** |
| Department of Vehicle Regulation, et al., ) | **AND ORDER** |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the defendants' motion to dismiss. [Record No. 26] For the reasons set forth below, the motion to dismiss will be denied.

**I.**

Plaintiff Raleigh Bruner is the owner of Wildcat Moving, LLC ("Wildcat"), a "small moving company" that was formed in 2012 and is based in Lexington, Kentucky. [Record No. 1] Wildcat employs 31 people and has "moved hundreds of clients." [Record No. 1, p. 4] The defendants are officials with the Kentucky Transportation Cabinet Division of Motor Carriers ("Transportation Cabinet"). Each is named in his or her official capacity.[1] [*See* Record No. 1, p. 1] The plaintiffs have filed this action pursuant to 42 U.S.C. § 1983. They allege that Wildcat

---

[1] Wildcat originally included Attorney General Jack Conway as a defendant. However, Conway declined to participate in the action concerning the constitutionality of the statutes in question. [Record No. 24] As a result, Conway was dismissed as a defendant on October 15, 2012. [*Id.*]

is "forbidden by Kentucky law (specifically, KRS § 281.615, *et seq.*) from operating as a full-service moving company unless [the plaintiffs] first obtain" a Household Goods Certificate ("Certificate") from the Defendants. [Record No. 1, p. 2] The plaintiffs claim that, to obtain the required Certificate, they must "undergo an unconstitutional 'Competitor's Veto' procedure which gives the state's existing moving companies the power to essentially 'veto' any application." [Record No. 1, p. 2]

On May 16, 2012, Wildcat filed an "Application for Operating Authority (Household Goods)". However, "the application was returned by the Cabinet with a letter dated June 5, 2012, due to the fact there was missing or incomplete information related to Wildcat Moving's certificate of good standing as a corporation." [Record No. 26-1, p. 7] Wildcat contends that on May 21, 2011, Defendant Bill Debord "informed Plaintiffs that a complaint had been filed against them for operating a moving company without a Certificate." [Record No. 1, p. 6] The plaintiffs allege that they are legally barred "from operating their safe, economical, and satisfactory moving company" due to KRS § 281.615 *et seq*. [*Id.*, p. 9] Additionally, they aver that, "[d]ue to the challenged statutes and regulations, they have been cited and fined for operating without a Certificate, and will be subject to future penalties if they offer moving services in Kentucky without first complying with the statutory procedure described herein." [*Id.*] The plaintiffs allege that under Kentucky law, Limited Liability Companies are required to be represented by licensed attorneys at administrative hearings, which would impose significant financial costs on them. [Record No. 1, p. 9] The plaintiffs seek declaratory and

injunctive relief due to the "future fines and penalties" that they are subject to if they continue to operate their moving service without a Certificate.

Each of the plaintiffs' claims assert that they are entitled to declaratory and injunctive relief against the defendants due to violations of the Fourteenth Amendment to the United States Constitution. First, they aver that their due process rights are being violated because the protest and hearing process infringes on their constitutional right to pursue their chosen occupation of providing moving services in Kentucky. Second, the plaintiffs claim that the protest and hearing procedure violates the equal protection clause of the United States Constitution because it arbitrarily favors existing moving companies over new moving companies. The plaintiffs' third claim is that the statutes violate their right to equal protection and due process because of the defendants' "unbridled discretion" in interpreting what constitutes "public convenience and necessity" and "inadequate existing transportation service" in enforcing the statutes. [Record No. 1, p. 15] Finally, the plaintiffs contend that the protest and hearing procedure unreasonably interferes with Raleigh Bruner's constitutional right to earn a living in violation of the Privileges or Immunities Clause. The plaintiffs ask the Court:

> 1. To enter a declaratory judgment that Kentucky's notice and hearing procedure, established by KRS 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030, facially and as interpreted and applied by Defendants, deprives Plaintiffs of liberty without due process of law in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.
>
> 2. To enter a declaratory judgment that Kentucky's notice and hearing procedure, established by KRS 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030, facially and as interpreted and applied by Defendants, deprives Plaintiffs of the equal protection of the laws in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

3. To enter a declaratory judgment that Kentucky's notice and hearing procedure, established by KRS 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030, facially and as interpreted and applied by Defendants, abridges Plaintiff Bruner's privileges or immunities of citizenship, in violation of the Privileges or Immunities Clause of the Fourteenth Amendment to the United States Constitution;

4. To permanently enjoin Defendants, their agents, representatives, and employees, from enforcing the notice and hearing procedure established by KRS 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030, facially and as interpreted and applied by Defendants, or any similar policy, as well as any and all implementing rules and regulations and the policies and practices by which Defendants enforce these provisions, including, but not limited to: (a) the policies of prohibiting Plaintiffs from operating intrastate as a moving company without being subject to the arbitrary and discriminatory certification scheme under KRS 281.630(1), 281.625, and 601 Ky. Admin. Regs. 1:030, and (b) seeking or imposing fines or penalties against Plaintiffs, or otherwise subjecting Plaintiffs to harassment.

[Record No. 1, pp. 17-19]

The defendants argue that the plaintiffs lack standing to bring this action because "there is no causal connection between [the alleged] injury and the protest and hearing procedures challenged in this action." [Record No. 26-1, p. 6] Alternatively, they argue that this matter should be dismissed because the claim is not ripe for review due to the fact that there is no pending application for a Certificate by the plaintiffs. As a result, the defendants argue that this suit is premature. [*Id*., pp. 8-9]

## II.

Federal courts are courts of limited jurisdiction and possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Article III of the United States Constitution provides that federal courts may hear only justiciable cases or controversies. U.S. Const. Art. III, § 2. In every federal case, the threshold

question is whether the court has the judicial power to hear the suit. *Warth v. Seldin*, 422 U.S. 490, 498 (1975).

When evaluating a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

### III.

**A.**     **Standing**

The defendants argue that the plaintiffs cannot demonstrate the requisite "causal connection" for standing because they have failed to file a completed application for a Certificate. [Record No. 26-1, p. 7] To satisfy the "case or controversy" requirement of Article III standing, a plaintiff "must establish three elements: (1) an injury in fact that is concrete and particularized; (2) a connection between the injury and the conduct at issue — the injury must be fairly traceable to the defendant's action; and (3) a likelihood that the injury would be redressed by a favorable decision of the Court." *Airline Prof. Ass'n v. Airborne, Inc.*, 332 F.3d

983, 988 (6th Cir. 2003). The elements of standing "are more than just pleading requirements." *Id*. Instead, "each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.* with the manner and degree of evidence required at the successive stages of the litigation." *Id.* The defendants argue that "the Plaintiffs are subject to fines because they have never submitted a completed application for a Certificate," not because "they have been denied a Certificate as a result of the protest and hearing procedures challenged in this action." [Record No. 26-1, p. 7] However, at this stage in the litigation, this distinction does not defeat the plaintiffs' proffer of standing.

It is undisputed that the plaintiffs have not submitted a "completed" application for a Certificate or received a Certificate. [Record No. 26-2] The defendants assert that, because of this failure, the protest and hearing procedure at issue may never apply to the plaintiffs. [Record No. 37, p. 1] They assert that, "under the statutory scheme for granting a certificate of public convenience and necessity, it is unknown whether the Plaintiffs will ever be subject to the statutory provisions challenged in this action" and that due to that uncertainty, the plaintiffs do not have standing. [*Id.*, p. 2] Although the plaintiffs may never actually have their application denied, the plaintiffs are undeniably subject to KRS § 281.615 *et seq*. For purposes of this motion, they have met the threshold inquiry of standing by adequately pleading an injury, causation, and redressability. *See Cacchillo v. Insmed, Inc*., 638 F.3d 401 (2nd Cir. 2011) ("Plaintiff's burden to demonstrate standing increases over the course of litigation.").

The plaintiffs have properly alleged an injury, because they have been fined for providing moving services without a Certificate, and the defendants admit that the plaintiffs are subject to

-6-

fines in the future if they continue to operate without a Certificate.[2] [Record No. 26-1, p. 6] In addition, the plaintiffs have shown a causal connection between the exposure to fines and penalties and the certification procedure under KRS § 281.615 *et seq.*, including the notice and protest procedures. Accepting the facts in the complaint as true, the plaintiffs have presumably been fined under KRS § 281.990, which provides the penalties for operating without a Certificate in violation of § 281.615.[3] [Record No. 1, p. 9] This injury — the inability of the plaintiffs to operate their moving company without exposure to fines — is "fairly traceable" to the conduct of the defendants in their enforcement of KRS § 281.615 and 601 KAR 1:040. In addition, a favorable decision would redress the injury because, if this Court were to grant the relief requested, the plaintiffs would no longer be subject to future fines for the failure to apply for and receive a Certificate.

The cases cited by the plaintiffs, while not identical to the case-at-hand, are instructive. In a similar case, the court denied a motion to dismiss, finding that the plaintiffs were "entitled to seek prospective injunctive relief against enforcement of an occupational certification procedure that is allegedly unconstitutional." *Munie v. Koster*, No. 4:10CV01096, 2011 WL 839608, at *3 (E.D. Mo. Mar. 7, 2011). And other circuits have held that sufficient standing exists in similar, but not identical circumstances. *See, e.g. Merrifield v. Lockyer*, 547 F.3d 978,

---

[2] The defendants appear to concede that the plaintiffs have properly alleged an injury under the governing legal standard because they are subject to fines and penalties due to their failure to obtain the Certificate. [Record No. 26-1, p. 6] "The Defendants agree with the Plaintiffs' assertion they are subject to fines and penalties due to their failure to obtain the requisite Certificate . . . ." [Record No. 26-1, p. 6]

[3] The complaint does not expressly allege that the plaintiffs were cited under this section, only that the plaintiffs were fined for failing to have a Certificate. [Record No. 26-1, p. 8]

980, n.1 (9th Cir. 2008) (Stating that a plaintiff has standing to sue "because he cannot engage in his trade unless he first satisfies the current licensing requirement or receives an exemption"). Although the defendants attempt to distinguish these cases, they offer no precedent to support the proposition that the plaintiffs must fully comply with statutes they allege are unconstitutional. [Record No. 37, pp. 4-5] Because the plaintiffs have properly pled standing to survive a motion to dismiss, the Court will not dismiss the claims on this ground.

In their response, the plaintiffs argue that they should have the opportunity to prove that the competitor's veto is not rationally related to a legitimate government interest. [Record No. 32, pp. 11-12] The Court notes that an examination of the merits of the plaintiffs' claims is not undertaken in this opinion. In short, the standing inquiry is not an assessment of the merits of claims alleged. *See Warth v. Seldin*, 422 U.S. 490, 500 (1975); *see also Red River Freethinkers v. City of Fargo*, 679 F.3d 1015, 1023 (8th Cir. 2012). Thus, the fact that the plaintiffs have properly alleged standing to survive a motion to dismiss has no bearing on whether the notice and hearing procedure is rationally related to a legitimate government interest.

### B.    Ripeness

The defendants next argue that the plaintiffs' claims should be dismissed because they are not ripe for review.[4] [Record No. 26-1, p. 8] The defendants argue that any past or future

---

[4] Under the statutory scheme, "upon the filing of an application for a certificate . . ., the department shall, within a reasonable time, fix the time and place for a hearing." KRS 281.625. "A person who intends to file an application under paragraph (a) of this subsection shall publish notice of the application in accordance with KRS 281.6251." *Id.* "If a protest is filed, the department shall hold an administrative hearing on the application. The department, in its discretion, may hold a hearing if no protest is filed. Hearings conducted under this section shall be conducted in accordance with KRS Chapter 13B. Any person having an interest in the subject matter may, in accordance with the regulations prescribed therefor, file a protest to the granting, in whole or in part,

injury "is based upon speculation as to what potential competitors may do and what procedures may apply upon Wildcat Moving filing an application for a Certificate." Therefore, the defendants argue that this suit is premature. The plaintiffs respond that the Supreme Court "has long recognized that Section 1983 claims are ripe when there is 'a reasonable threat of prosecution for conduct allegedly protected by the Constitution.'" [Record No. 32, p. 7 (*citing Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 n.1 (1986))]

There is "unquestionably some overlap" between standing and ripeness. *Airline Professional Ass'n v. Airborne, Inc.*, 332 F.3d 983, 988 (6th Cir. 2003). The requirement that plaintiffs bring only ripe claims "helps courts avoid premature adjudication." *Id*. at 987 (internal quotation marks omitted). "Determining whether a claim is ripe involves evaluating both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* (internal quotation marks omitted). The purpose of the ripeness inquiry is to ensure "that a dispute is concrete and real before the judicial branch resolves it." *Carey v. Wolnitzek*, 614 F.3d 189, 196 (6th Cir. 2010).

The plaintiffs' claims are fit for review and further ripening is not necessary before judicial decision. As the plaintiffs note, "[i]t would not sharpen the issues if Bruner were to submit an application, or if the Division were to grant or deny [the] application." [Record No. 32, p. 9] The plaintiffs contend that even if the defendants were to grant them a Certificate, their

---

of the application." KRS § 281.625(2). In addition, "if an application for motor carrier authority or a change to motor carrier authority has been set for hearing by the Transportation Cabinet and no protest is filed . . . the cabinet may cancel the hearing." 601 KAR 1:031, Section 1. If the hearing is canceled, the Cabinet may simply require the applicant to "submit evidence by affidavit showing that there is a need for the service and that it is fit, willing, and able to perform this service." *Id.*

"arguments would remain the same: the Competitor's Veto provisions of KRS 281.615, *et seq.*, are now violating his constitutional rights, and this Court should declare them unconstitutional and enjoin their enforcement." [*Id.*]

Withholding judicial consideration of the claims until the plaintiffs either have a pending application or until they undergo the allegedly unconstitutional hearing procedure would not ripen the claim. And, as the plaintiffs note, there is no requirement that a plaintiff in a § 1983 action subject themselves to the statutes they allege are unconstitutional. [*See* Record No. 32, p. 8.] If Wildcat's valid application had actually been protested by its competitors and ultimately denied, this certainly would have strengthened the merits of the plaintiffs' claim that the protest procedure is unconstitutional as applied to them. However, this action is not required before the Court could make a determination of the constitutionality of the relevant statutes.

      **C.**    **Challenge to the Standards for Granting a Certificate**

Finally, the defendants argue that the plaintiffs' challenge to the *standards* for granting a certificate is premature because no final decision has been made. [Record No. 26-1, p. 10] They cite *Bowers v. City of Flint*, 325 F.3d 758 (6th Cir. 2003), presumably for the notion that a final decision is required before the plaintiffs' claims are ripe. However, *Bowers* actually states that "a due process challenge brought under 1983 to an allegedly unconstitutional procedure is not subject to a finality requirement." *Id.* at 762. Because the Court can make a determination regarding the standards set forth in the applicable statutes without a final decision from the Cabinet, the Court will not dismiss the plaintiffs' claims for this reason.

## IV.

The plaintiffs have sufficiently alleged standing to survive a motion to dismiss.  In addition, the Court will not require further ripening before judicial review of the challenged statutes.  However, this opinion does not address the merits of the plaintiffs' constitutional claims.  Accordingly, it is hereby

**ORDERED** that the defendants' motion to dismiss [Record No. 26] is **DENIED**.

This 25th day of February, 2013.



Signed By:
*Danny C. Reeves*  DCR
United States District Judge