UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| RALEIGH BRUNER, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 12-57-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| TOM ZAWACKI, Commissioner of | ) | **MEMORANDUM OPINION** |
| Motor Vehicle Regulation for the | ) | **AND ORDER** |
| Kentucky Department of Vehicle | ) | |
| Regulation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Plaintiffs Raleigh Bruner and Wildcat

Moving, LLC's (collectively, "Wildcat") motion for a temporary restraining order and

preliminary injunction.[1] [Record No. 43]  On Wednesday, June 12, 2013, the Court heard oral

arguments on the issue of whether injunctive relief is necessary and appropriate at this stage of

the proceedings.  For the reasons explained below, the Court is convinced that such relief is

necessary.  Therefore, the Court will preliminarily enjoin the Defendants from enforcing the

Certificate requirements at issue in this matter against the Plaintiffs.[2]

---

[1] A temporary restraining order differs from a preliminary injunction in that a temporary restraining order may be issued without notice to the adverse party, and is of limited duration.  Fed. R. Civ. P. 65. Because notice and hearing has occurred, the Court declines to issue a temporary restraining order, which is normally intended as a "stop-gap" measure prior to a hearing.

[2] Although the Plaintiffs have asked for an injunction against the Defendants *and* the Franklin Circuit Court, it is unnecessary for the injunction to reach this far.  The goal of the Court's injunction is to maintain the status quo of the case until the merits are reached, which may be accomplished simply by enjoining the

## I.

In Kentucky, individuals and companies involved in "moving" — that is, the intrastate transporting of personal effects and property used or to be used in a dwelling — are required by statute to obtain a Household Goods Certificate. KRS § 281.615 *et seq.* Wildcat admits that it has been a moving company since 2010; however, it did not submit an application for a Certificate until May 16, 2012. The Defendants — officials of the Kentucky Transportation Cabinet Division of Motor Carriers named in this action their official capacities — assert that Wildcat's application was returned because Wildcat failed to complete it properly. [Record No. 48, p. 4] Wildcat has been cited for, *inter alia,* failing to obtain a Certificate in accordance with the statute.[3]

On August 21, 2012, Wildcat filed this action under 42 U.S.C. § 1983, alleging that the notice and protest procedure in KRS § 281.615 *et seq.* is unconstitutional under the Fourteenth Amendment. Its Complaint seeks both declaratory and injunctive relief. Under the statutory scheme under consideration, an applicant files an application for a hearing, which triggers the departments requirement to "fix the time and place for a hearing." KRS § 281.625. An applicant is required to give notice of its application in one of two ways: the applicant may publish notice in a local newspaper, or the applicant may e-mail notice to every existing

---

Defendants without interfering with state court proceedings.

[3]Wildcat has been cited for operating without a certificate, for failing to maintain liability/cargo insurance, and for using a non-commercial registration plate on a company vehicle. There have also been other citations/violations, such as: failing to use a seat belt, failing to have a medical certificate in a driver's possession, and for using a cell-phone while operating a vehicle, as well as having inoperable vehicle lamps, windshield wipers, and horn; under-inflated tires, and an unsecured fire extinguisher. However, as the Defendants conceded during the June 12th hearing, these citations/violations are unrelated to the Certificate procedure and may be enforced regardless of whether the Plaintiffs have a Certificate.

-2-

certificate holder affected by the application.   KRS § 281.6251. "If a protest is filed, the department shall hold an administrative hearing on the application. . . . Any person having an interest in the subject matter may, in accordance with the regulations prescribed therefor, file a protest to the granting, in whole or in part, of the application." KRS § 281.6251(2).  In addition, if no protest is filed, the cabinet may cancel the hearing.  601 KAR 1:031, Section 1.  If the hearing is canceled, the Cabinet may simply require the applicant to "submit evidence by affidavit showing that there is a need for the service and that it is fit, willing, and able to perform this service." *Id.*  Wildcat argues that this notice, protest, and hearing procedure creates an unconstitutional procedure whereby existing moving companies are permitted to "veto" their competition.

By Memorandum Opinion and Order entered February 25, 2013, the Court denied the Defendants' motion to dismiss for lack of standing due to Wildcat's failure to submit to the full Certificate procedure.  Following some discovery in this case, on June 7, 2013, the Defendants filed a separate action in the Franklin Circuit Court seeking a temporary injunction against Wildcat for operating as a moving company without first obtaining a Certificate, in violation of KRS § 281.615 *et seq.*[4]  A hearing on the preliminary injunction motion is scheduled for June 17, 2013, in the Franklin Circuit Court.  On June 10, 2013, Wildcat filed a motion for a preliminary

---

[4]Wildcat contends that the Defendants have acted in bad faith by filing this parallel action in state court, seeking to enjoin them from operating as a moving company.  Indeed, the Defendants conceded that seeking to enjoin a moving company for violating these statutes was not done "on a regular basis."  The Defendants had knowledge of only one other instance where they had attempted to enjoin a moving company for violating this statutory scheme.  However, the Defendants are authorized by KRS § 281.790 to seek such an injunction.  The Court finds it unnecessary to address at this time whether the Defendants acted in bad faith in filing the injunction in Franklin Circuit Court.

injunction of its own in this Court, seeking to enjoin the Defendants from pursuing their injunction in the Franklin Circuit Court.

## II.

A preliminary injunction is an extraordinary equitable measure. It has been characterized as "one of the most drastic tools in the arsenal of judicial remedies." *Am. Civ. Liberties Union of Ky. v. McCreary Cnty., Ky.*, 354 F.3d 438, 444 (6th Cir. 2003) (internal quotation marks and citation omitted). For this reason, it should not be extended to cases which are doubtful or do not come within well-established principles of law. *See id.*

The Sixth Circuit has identified the following factors to be considered in evaluating a motion for injunctive relief: (1) the likelihood of success on the merits; (2) whether the injunction will save the plaintiffs from irreparable injury; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the injunction. *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007). None of these are prerequisites that must be met. Instead, they are interconnected factors that the Court must balance to determine if a preliminary injunction should be granted. *See Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). Additionally, there is no rigid formality required in applying these factors and they need not be given equal weight. They are simply meant to guide the Court in exercising its discretion. *See Suster v. Marshall*, 149 F.3d 523, 528 (6th Cir. 1998).

As an initial matter, the Plaintiffs bear the burden of proving that a preliminary injunction is proper. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). "A

preliminary injunction is customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *Certified Restoration*, 511 F.3d at 542 (internal quotation marks omitted). While the Plaintiffs are not required to prove their case in full to obtain injunctive relief, the proof needed "is much more stringent than the proof required to survive a summary judgment motion." *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). However, "'it is ordinarily sufficient if the plaintiff has raised questions going to the merits so serious, substantial, difficult, and doubtful as make them fair ground for litigation and thus for more deliberative investigation.'" *Certified Restoration,* 511 F.3d at 542 (quoting *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)).

## III.

With this framework in mind, the Court turns to the propriety of issuing a preliminary injunction based on the following factors: 1) the likelihood of Wildcat's success on the merits; 2) whether the injunction will save Wildcat from irreparable injury; 3) whether the injunction would cause harm to others, particularly the public; and 4) whether the public interest would be served. *Id.* The first factor weighs heavily in favor of Wildcat. The level of scrutiny currently used to evaluate occupational licensing statutes and other economic regulations challenged under the Fourteenth Amendment is rational basis review. *Craigmiles v. Giles*, 312 F.3d 220, 223 (6th Cir. 2002). And under such review, an economic regulation will be upheld as long as it bears a rational relation to a legitimate state interest. *Id.* It is unlikely that the statutes challenged in the complaint — specifically, the protest and hearing procedure — are rationally related to a

legitimate government interest.  Even under the lowest level of scrutiny, the statutes in question are highly suspect from a constitutional standpoint.

The articulated basis for the protest and hearing procedure is to allow the department to receive outside "evidence" regarding the applicant at the Certificate hearing.[5]  Over at least the last five years, the only groups to file protests to new applicants have been existing moving companies.  The Sixth Circuit has held that "protecting a discrete interest group from economic competition is not a legitimate governmental purpose." *Id.* at 224.  And it appears that the notice, protest, and hearing procedure in the statutes — both facially and as applied — operate *solely* to protect existing moving companies from outside economic competition.  The Defendants have admitted that they know of no instance where, upon a protest by an existing moving company, a new applicant has been granted a certificate.  For these reasons and for others asserted during oral argument,[6] Wildcat has shown a likelihood of success on the merits.

Other relevant factors also weigh in favor of granting a preliminary injunction to the Plaintiffs.  If granted, the state injunction sought by the Defendants would irreparably injure Wildcat and for no legitimate purpose.  Not only would Wildcat face the possibility of being barred from operating its business and suffer monetary loss, but such action would interfere with

_____

[5]In their written response, the Defendants did not specifically assert a rationale for the notice and protest procedure, instead relying on the rationale for the "fit, willing and able" provision — a portion of the statutes that are not at issue in this case.

[6]Wildcat also provided information regarding other applicants that were protested by existing moving companies.  For example, Michael Ball Moving & Storage was protested by Arrow Moving & Storage, Inc, Larry's Movers, Inc., A. Arnold World Class Relocation, A Local Van Moving and Storage, and N & R Properties, LLC, Mac's Moving, LLC, JCT, Inc., all of whom became aware of the application by way of a notice published in the Louisville Courier Journal.  [Record No. 46-3]  This evidence supports Wildcats arguments regarding the application of notice and protest procedures.

this Court's ability to adjudicate this case on the merits.  Simply put, the Plaintiffs will be unable to pursue the legitimate claims asserted in this venue if they are required to aggressively defend themselves in a competing forum.[7]   Under the circumstances presented, injunctive relief is necessary to preserve the status quo until this Court has reached the merits of the issues presented by the parties.  *See United States v. Criminal Sheriff*, 19 F.3d 238, 240 (5th Cir. 1994) (preliminary injunctive relief is used to preserve the status quo so court may render a meaningful final decision); *see also Ferry-Morse Seed Co. v. Food Corn*, 729 F.2d 589, 593 (8th Cir. 1984) ("The primary function of a preliminary injunction is to preserve the status quo until, upon final hearing, a court may grant full, effective relief.").

The Plaintiffs have adequately demonstrated that protecting the status quo can only be accomplished by enjoining the Defendants from enforcing the Certificate requirement against them until such time as this case is resolved.[8]   In addition, a full adjudication of this case on the merits is in the public interest.  *G & V Lounge, Inc v. Mich. Liquor Control Comm'n,* 23 F.3d 1071, 1079 (6th Cir. 1994) ("[I]t is always in the public interest to prevent the violation of a party's constitutional rights.").  If the Defendants are prohibiting competition in the moving industry, consumers are necessarily harmed in the process.  Thus, allowing "a considered, thoughtful

---

[7] Bruner is a "small businessman being represented primarily pro bono by a non-profit public interest legal organization."  [Record No. 43-1, p. 29]

[8] Although the Plaintiffs will likely be required to eventually fulfill the portions of the Certificate requirements, if any, that are deemed constitutional after adjudication, the Court declines to sever at this time the "fit, willing and able" standard that the Plaintiffs have not challenged.  It is possible that if the Plaintiffs applied for and were granted a Certificate at this point in the litigation, the case would potentially be rendered moot and thus non-justiciable.  *See, e.g., Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006) (if a plaintiff seeks only injunctive relief, cessation of underlying conduct moots case).

constitutional analysis" by maintaining the status quo of this case serves the public interest. *Lee v. State*, 869 F. Supp. 1491, 1502 (D. Or. 1994).

Finally, issuing a preliminary injunction will not cause substantial harm to others. The injunction will not bar the enforcement of any public health and safety regulations. During oral argument, the Defendants made it clear that mechanisms exist outside of the Certificate procedures to ensure the health, safety, and welfare of the citizens of the Commonwealth.[9] Nor would the lack of a protest and hearing procedure in this case have any effect on public safety. In fact, over the past five years, no protest filed has been regarding an applicant's safety record. [Record No. 43-1, p. 5] Likewise, no applications have been denied on the grounds that the applicant was a danger to public health, safety, or welfare. [*Id.*, p. 7] The Defendants and their agents can and should continue to enforce regulations against commercial vehicles, and the limited preliminary injunction in this case has no effect on the department's ability to carry out these duties. Accordingly, enjoining the Defendants from enforcing the Certificate requirement against Wildcat will not result in substantial harm to others.

## IV.

Finally, the Plaintiffs request that the bond requirement of Rule 65(c) of the Federal Rules of Civil Procedure be waived or set at a nominal amount. Rule 65(c) provides that a court may issue a preliminary injunction "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been

---

[9]And with good reason. Discovery has revealed that one moving company operated in the Commonwealth for thirty-five years prior to applying for a Certificate from the Defendants. [Record No. 43-1, p. 26]

wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  The Sixth Circuit has long held that a district court "possesses discretion over whether to require the posting of security." *Moltan Co. v. Eagle. Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995).  The security requirement has been waived where an injunction is not likely to result in harm to the party enjoined, where the exercise of constitutional rights is at issue, and where a suit is brought in the public interest.  13 *Moore's Federal Practice*, § 65.52 (3d Ed.).  In addition, other circuits have held that in public-interest litigation, the district court has the discretion to dispense with the security requirement or to require nominal security if requiring security would, in effect, deny access to judicial review. *Save Our Sonoran, Inc v. Flowers*, 408 F.3d 1113, 1126 (9th Cir. 2005).

The preliminary injunction sought here presents a rare situation where all — or nearly all — of these circumstances are present.  This case involves the exercise of constitutional rights, because Wildcat asserts that being forced to undergo a Certificate requirement which appears to violate rights protected by the Fourteenth Amendment to the United States Constitution.  In addition, it is brought in the public interest.  Finally, requiring a substantial bond would effectively deny the Plaintiffs access to judicial review, as stated on the record during oral argument.  Moreover, the Defendants have failed to shown that any harm will result if the requested relief is granted and they are enjoined from enforcing the Certificate requirement against Wildcat until such time as the merits can be reached in this case.  Accordingly, the Court will waive the security requirement of Rule 65(c).

## V.

Injunctive relief is appropriate and necessary to bar the Defendants from enforcing the Certificate requirements in KRS § 281.615(1) *et seq.,* against the Plaintiffs pending resolution of the constitutional issues presented.  Further, the Court will not, at this time, limit the relief granted to the notice, protest, and hearing procedure of KRS § 281.625.  Accordingly, pursuant to Rule 65 of the Federal Rules of Civil Procedure, it is

**ORDERED** as follows:

1.      The Plaintiffs' First Motion for Temporary Restraining Order and Motion for Preliminary Injunction [Record No. 43] is **GRANTED**.

2.      Effective immediately, and subject to subsequent orders from this Court, the Defendants, as well as their attorneys, agents, officers, representatives, and employees, are **ENJOINED** from enforcing or attempting to enforce against Plaintiffs Raleigh Bruner and Wildcat Moving, LLC,  the Certificate requirement of KRS § 281.615(1), including, but not limited to, in the matter of Commonwealth v. Wildcat Moving, No. 13-CI-645 in the Franklin Circuit Court.

3.      The Court hereby **WAIVES** the requirement of security under Rule 65(c) of the Federal Rules of Civil Procedure because the preliminary injunction will require the Defendants to sustain little or no cost or damage and because the suit is brought in the public interest.  *See Moltan Co. v. Eagles Picher Indus.*, 55 F.3d 1171, 1176 (6th Cir. 1995).

4.      The Clerk of the Court is **DIRECTED** to immediately forward a copy of this Memorandum Opinion (via Facsmile) to the Franklin Circuit Court.

This 13ᵗʰ day of June, 2013.

 Signed By:

**_Danny C. Reeves_**

**United States District Judge**